## 1.01  FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## 1.02 NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## 1.04 EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

## 1.05 DEPOSITION TESTIMONY
(Deposition language to be given if appropriate)

During the trial, certain testimony was presented to you by the reading of depositions and by video.  You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## 1.06 WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## 1.07 NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## 1.08 CONSIDERATION OF ALL EVIDENCE
## REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## 1.09 LIMITED PURPOSE OF EVIDENCE
### (To be given if applicable)

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## 1.11 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## 1.12 DEFINITION OF "DIRECT"
## AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## 1.13 TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

## 1.14 PRIOR INCONSISTENT STATEMENTS

You may consider statements given by either party or any other witnesses under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement while not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## 1.16 LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

## 1.17 NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

## 1.18 ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## 1.24 DEMONSTRATIVE EXHIBIT

A certain floor plan of the Walmart store has been shown to you. It is used for convenience and to help explain the facts of the case. It is not in and of itself evidence or proof of any facts.

## 1.27 BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## 1.32 SELECTION OF PRESIDING JUROR;
### VERDICT

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

A Special Verdict Form has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

## 1.33 COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## 1.34 DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against a party, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

## 2.04.  STIPULATED TESTIMONY

The parties have stipulated or agreed what _____'s testimony would be if *[he or she]* were called as a witness. You should consider that testimony in the same way as if _____ had given the testimony here in court.

## 2.05.  STIPULATIONS OF FACT

The parties have stipulated, or agreed, to a statement of uncontested facts.  You must now treat this fact as having been proved for the purpose of this case.

## 2.08. DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Dr. Gene Harvey, which was taken on February 24, 2009, is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## 2.14.  JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure.  You are not to draw any inference against the side whom I may caution or warn during the trial.

## 7.01  GENERAL: POLICE DEPARTMENT/MUNICIPALITY
### NOT A PARTY

Defendant Bukovic is being sued as an individual.  Neither the State of Illinois nor the County of DuPage nor the City of Darien is a party to this lawsuit.

## 9.18 FOURTH AMENDMENT - UNREASONABLE SEIZURE OF PERSON - GENERALLY
### (9th Circuit Pattern Instruction, modified)

The plaintiff has the burden to prove that the acts of Officer Bukovic deprived her of particular rights under the United States Constitution. In this case, Plaintiff claims that Defendant deprived her of her rights under the Fourth Amendment to the Constitution by seizing her and using excessive force against her in responding to a call at the Walmart Store in Darien, Illinois.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person. In order to prove Defendant deprived her of this Fourth Amendment right, Plaintiff must prove the following elements by a preponderance of the evidence:

1.      Officer Bukovic seized Plaintiff's person;

2.      in seizing Plaintiff's person, Officer Bukovic acted intentionally; and

3.      the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about her business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including:

1.      the number of officers present;
2.      whether weapons were displayed;
3.      whether the encounter occurred in a public or nonpublic setting;
4.      whether the officer's manner would imply that compliance would be compelled; and
5.      whether the officer advised the plaintiff that she was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiff must prove Defendant meant to engage in the acts that caused a seizure of Plaintiff's person. Although Plaintiff does not need to prove Defendant intended to violate Plaintiff's Fourth Amendment rights, it is not enough if Plaintiff only prove Defendant acted negligently, accidentally or inadvertently.

## 9.22 PARTICULAR RIGHTS - FOURTH AMENDMENT
## UNREASONABLE SEIZURE OF PERSON - EXCESSIVE FORCE
(9th Cir. Pattern Instruction, modified)

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in defending himself or others.  Thus, in order to prove an unreasonable seizure in this case, Plaintiff must prove by a preponderance of the evidence that Officer Bukovic used excessive force against her.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether Officer Bukovic used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.    The severity of the circumstances to which the officer was responding;

2.    Whether Plaintiff posed an immediate threat to the safety of the officer or to others;

3.    The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary; and

4.    The type and amount of force used.

### 7.09 FOURTH AMENDMENT: EXCESSIVE FORCE–
### DEFINITION OF "UNREASONABLE"

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

**Plaintiff's 7.22  DAMAGES: PREFATORY INSTRUCTION -
LIABILITY PHASE**

At this stage of the trial, you are not being called upon to determine what, if any, damages should be awarded to the Plaintiff.

### 7.22  DAMAGES: PREFATORY INSTRUCTION - DAMAGES PHASE

Now that you have found that Plaintiff has proved her claim against Defendant, you must determine what amount of damages, if any, Plaintiff is entitled to recover.

## 7.23  DAMAGES: COMPENSATORY

You must now determine the amount of money that will fairly compensate Plaintiff for any injury that you find she sustained and is reasonably certain to sustain in the future as a direct result of the excessive use of force against her person by the Defendant. These are called "compensatory damages."

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.      The reasonable value of medical care and supplies that Plaintiff reasonably needed and actually received.

2.      The physical and emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury she has sustained.

If you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

## Plaintiff's 7.24 DAMAGES: PUNITIVE

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

SPECIAL VERDICT FORM

1.      Do you find that Plaintiff has proven by a preponderance of evidence that Defendant,
        Scott Bukovic "seized" Plaintiff, June Carlson, as that term has been defined in these
        instructions?

        (Mark an "X" on only one line below)

Yes:    _____          No:    _____


(If you answered "Yes," then answer Question 2; otherwise, sign, date and return this verdict
form)


2.      Do you find that Plaintiff has proven by a preponderance of evidence that Defendant,
        Scott Bukovic used "excessive force" against Plaintiff, June Carlson, as that term has
        been defined in these instructions?

(Mark an "X" on only one line below)

Yes:    _____          No:    _____


(Sign, date and return this verdict form)


Signatures:

_____          _____
Foreperson


_____          _____


_____          _____


_____          _____


Date: June ___, 2009

## VERDICT FOR DAMAGES

We, the jury, award Plaintiff, June Carlson, compensatory damages in the amount of:

$_____

We, the jury, award Plaintiff, June Carlson, punitive damages in the amount of:

$_____

Signatures:

_____     _____
Presiding Juror

_____     _____

_____     _____

_____     _____

Date: June ___, 2009