**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUNE O. CARLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 06 |
| | ) | |
| SCOTT BUKOVIC and the CITY OF DARIEN, | ) | Judge Nan R. Nolan |
| an Illinois Municipal Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff June O. Carlson filed suit against Officer Scott Bukovic and the City of Darien, Illinois, alleging unreasonable seizure in the nature of an assault and battery, and failure to train resulting in unreasonable seizure, all in violation of 42 U.S.C. § 1983. Plaintiff and her son, Paul Carlson, also filed suit against Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Realty Company (collectively, "Wal-Mart"), but the court dismissed all of those claims on June 19 and October 1, 2007. (Minute Order of 6/19/07, Doc. 35; Minute Order of 10/1/07, Doc. 44.)

On June 9, 2008, the court granted summary judgment in favor of the City of Darien, but denied cross-motions for summary judgment as to Officer Bukovic and Ms. Carlson. *Carlson v. Bukovic*, No. 07 C 06, 2008 WL 2397682 (N.D. Ill. June 9, 2008). Following a four-day trial between June 15 and 18, 2009, a jury returned a verdict in favor of Officer Bukovic and against Ms. Carlson on all remaining claims. (Minute Order of 6/18/09, Doc. 168; Judgment of 6/18/09, Doc. 169.) Defendants have now moved for costs pursuant to FED. R. CIV. P. 54(d)(1) and 28 U.S.C. § 1920. For the reasons set forth here, the motion is granted and Defendants are awarded $12,908.39 in costs.

---

[1]     The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## **DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) provides that, except when express provision is made in a statute or federal rule of civil procedure, a prevailing party shall be allowed to recover costs, other than attorneys' fees, as a matter of course "unless the court otherwise directs." Rule 54(d) creates a "strong presumption" that the prevailing party will recover costs, and that presumption is difficult to overcome. *U.S. Neurosurgical, Inc. v. City of Chicago*, __ F.3d __, 2009 WL 1956330, at *7 (7th Cir. 2009); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *Triune Star, Inc. v. Walt Disney Co.*, No. 07-1256, 2009 WL 1098762, at *1 (C.D. Ill. Apr. 23, 2009). Under 28 U.S.C. § 1920, a prevailing party may recover (1) fees of the clerk and marshal, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court appointed experts and interpreters. In assessing a bill of costs, the court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary. *Republic Tobacco Co. v. North Atlantic Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007); *O'Neal v. City of Chicago*, No. 97 C 4788, 2009 WL 1259188, at *1 (N.D. Ill. May 6, 2009). *See also Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993) ("District courts may not . . . award costs not authorized by statute.") Plaintiff bears the burden of affirmatively showing that Defendants are not entitled to costs in this case. *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006).

There is no dispute here that the court entered judgment in favor of both Defendants, and that they are the "prevailing parties" in this lawsuit. *Carlson*, 2008 WL 2397682; (Judgment, Doc. 169.) *See also Republic Tobacco Co.*, 481 F.3d at 446 (quoting Moore's Federal Practice § 54.101[3] (3d ed. 2006)) ("Courts and commentators have interpreted 'prevailing party' to mean 'the party in whose favor judgment has been entered.'") Defendants thus seek five categories of allowable costs, totaling $13,143.61: (1) $468 for service of summons and subpoena; (2) $6,758.22 for court reporter and transcript fees; (3) $5,490 for witness fees; (4) $282.39 for copying expenses;

2

and (5) $145 for videographer fees. (Bill of Costs, Ex. 1.) Plaintiff objects that some of these costs are excessive and unnecessary. The court reviews the arguments in turn.

## A.  Service of Summons and Subpoena

Defendants are requesting $468 in fees for service of summonses and subpoenas to Plaintiff's health care providers. (Bill of Costs, Ex. 1-A.) Plaintiff characterizes these subpoenas as "[p]urely investigative," and argues that they are not taxable as costs under § 1920. (Pl. Resp., at 3.) In support of this position, Plaintiff directs the court to cases stating that a prevailing party cannot recover the cost of depositions that are "taken merely for the convenience of the attorney or [are] purely investigative in nature." *NLFC, Inc. v. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 764 (N.D. Ill. 1996). *See also Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985) (same). The court does not find Plaintiff's argument persuasive in this case.

Plaintiff alleged that she suffered myriad medical problems as a result of her encounter with Officer Bukovic, and she sought and obtained treatment from all of the subpoenaed health care providers. The court finds the subpoenas directly related to Plaintiff's claims and awards Defendants $468 for these expenses. *See Jackson v. United Parcel Serv., Inc.*, No. 07-cv-0450-MJR-CJP, 2008 WL 5244846, at *2 (S.D. Ill. Dec. 16, 2008) (awarding fees related to subpoenaing medical records).

## B.  Court Reporter and Transcript Fees

Defendants next seek $6,758.22 for copies of transcripts relating to 19 witness depositions and two court proceedings. (Bill of Costs, Ex. 1-B.) Plaintiff claims that this amount should be reduced by $2,038.52.

### 1. Depositions

Plaintiff first objects that Defendants did not need transcripts for six of the 19 deponents: (1) Darien Police Chief Robert Pavelchik, (2) Deputy Chief David Skala, and (3) Sergeant Christopher Falco ($850.79 for all three depositions); (4) Dr. Brian Smith ($278.60); (5) Dr. Richard Bertenshaw ($316); and (6) Dr. Thomas Sullivan ($285.40). Plaintiff thus seeks to reduce the court reporter and transcript fees by $1,730.79. In Plaintiff's view, these transcripts were not necessary because Defendants did not use them in connection with summary judgment; the court barred any trial testimony from Chief Pavelchik, Deputy Chief Skala and Sergeant Falco; and the remaining three doctors were not on Plaintiff's witness list. (Pl. Resp., at 3.)

To be recoverable, a deposition transcript must be "reasonably necessary at the time the deposition was taken in light of the facts known at the time." *Kaplan v. City of Chicago*, No. 05 C 2001, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) (citing *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000)). Transcripts "need not be absolutely indispensable in order to provide the basis of an award of costs," but they cannot be merely for the convenience of counsel. *Tumas v. Board of Educ. of Lyons Tp. High Sch. Dist. No. 204*, No. 06 C 1943, 2008 WL 611601, at *1 (N.D. Ill. Feb. 29, 2008) (quoting *Barber*, 7 F.3d at 645).

Chief Pavelchik, Deputy Chief Skala and Sergeant Falco are all supervisory officials at the Darien Police Department. Plaintiff deposed these individuals in support of her *Monell* claim, and Defendants subsequently utilized the transcripts in support of both their summary judgment motion and a motion *in limine*. Significantly, Plaintiff herself identified Deputy Chief Skala and Sergeant Falco as witnesses who had contact with her regarding the incident at Wal-Mart, and she named all three police officials as potential witnesses in the final pretrial order. The mere fact that the court ultimately barred testimony from these individuals at the trial in June 2009 in no way refutes Defendants' showing that the depositions were reasonably necessary at the time they were taken in January 2008. Defendants are awarded $850.79 as requested.

With respect to the three physician witnesses, Plaintiff argues that the depositions were not reasonably necessary because none was identified on her witness list in the final pretrial order. This argument is a non-starter.  Throughout the discovery process, Plaintiff repeatedly indicated that she intended to call multiple doctors in support of her claimed injuries, including Dr. Smith, Dr. Bertenshaw and Dr. Sullivan.  At the court's urging, Plaintiff did narrow her list of treating medical providers, but she left these three (and six additional) doctors and nurses on the list, and represented that they would all testify at trial as experts.  The depositions occurred in January and February 2009, long before the parties submitted the final pretrial order in this case, and the court is satisfied that they were reasonably necessary at the time.  *See Jackson*, 2008 WL 5244846, at *2 ("The law of this Circuit plainly holds that depositions need not be used in support of a dispositive motion or introduced at trial to be reasonably necessary.")  Defendants are awarded $880 for these three depositions.

### 2.    Court Transcripts

Plaintiff also objects to paying for a transcript of the proceedings before this court on November 13, 2008 ($72.50), arguing that "[n]o showing is made that this cost was necessary." (Pl. Resp., at 4.)  Like deposition transcripts, "[t]he costs of transcripts of pretrial proceedings are taxable as costs under Rule 54(d)" if "it was reasonably necessary for the prevailing party to obtain them."  *Helzing v. Loyola Univ. of Chicago*, No. 02 C 9408, 2004 WL 2608287, at *3 (N.D. Ill. Nov. 16, 2004).  Defendants explain that they used the November 13, 2008 transcript in connection with a motion *in limine* to bar causation and prognosis opinions by Plaintiff's treating physicians.  (Def. Reply, at 6; Tr. of 11/13/08, Doc. 192.)  The court agrees that the transcript was reasonably necessary "to limit the issue of whether Plaintiff's treating physicians could render expert opinions on causation."  *Helzing*, 2004 WL 2608287, at *3 (awarding $39.60 for transcript of a pretrial hearing).

The second disputed court cost relates to the first portion of the final pretrial conference before this court on May 18, 2009. At the court's request, the parties agreed to split the cost of the transcript. Plaintiff apparently never paid her half, forcing Defendants to incur the full cost. The court is disappointed that Plaintiff failed to honor her agreement in a timely manner. Nevertheless, the court will enforce the parties' original arrangement and require Plaintiff to pay $235.23, which is one-half of the $470.45 cost of the transcript.

### 3.    Summary

To summarize, Defendants are awarded $6,523 in court reporter and transcript fees, representing the full amount requested less one-half of the cost of the May 18, 2009 transcript ($6,758.22 - $235.23 = $6,523).

### C.    Witness Fees

Defendants next seek to recover $5,490 in witness fees, including (1) $1,500 for Dr. Bertenshaw; (2) $1,000 for Dr. Lisa Fortman; (3) $500 for Dr. Gene Harvey; (4) $1,000 for Dr. Kern; (5) $350 for Dr. Sullivan; (6) $200 for Dr. Robert J. Trefil; (7) $900 for Dr. Smith; and (8) $40 for Plaintiff's son, Paul Carlson. (Bill of Costs, Ex. 1-C.) Plaintiff argues that the first seven fees are excessive and should be disallowed beyond the statutory witness attendance fee of $40. 28 U.S.C. § 1821. The problem with this argument is that Plaintiff expressly identified each of these doctors as non-retained experts in her September 15, 2008 Rule 26(a)(2)(A) disclosure. (Doc. 96.)

The Seventh Circuit has identified three types of witnesses for purposes of Rule 26(a): (1) fact witnesses; (2) experts who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence; and (3) experts who have been retained or specially employed to provide expert testimony. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004). A party seeking discovery from an expert witness must "pay the expert a reasonable fee for time spent," unless "manifest injustice would result." FED. R. CIV. P. 26(b)(4)(C)(i); *Gwin v. American River Transp. Co.*, 482 F.3d 969, 975 (7th Cir. 2007).

In *Hoover v. United States*, No. 01 C 2372, 2002 WL 1949734 (N.D. Ill. Aug. 22, 2002), the court held that the plaintiff's treating physicians fell "squarely within the meaning of the term 'expert'" as used in Rule 26. *Id.* at *1. In reaching this conclusion, the court opined that treating physicians are persons who may "present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence" because they have "special insights by virtue of [their] training that will inform the factual testimony [they] will offer at trial." *Id.* at *8. The court thus determined that "if a party intends to offer such evidence at trial through the treating physician's testimony, then Rule 26 treats the physician as a non-retained occurrence witness expert, so long as he or she is identified and disclosed pursuant to . . . Rule 26(a)(2)(A)." *Id.* The plaintiff disclosed all three of her doctors as persons who might give expert testimony and, thus, the court found them entitled to a reasonable fee for their deposition testimony. *Id.* at *1.

As in *Hoover*, Plaintiff identified Dr. Bertenshaw, Dr. Fortman, Dr. Harvey, Dr. Kern, Dr. Sullivan, Dr. Trefil, and Dr. Smith as Rule 26(a)(2)(A) experts. They were thus entitled to be paid a reasonable fee for the time they spent responding to discovery. FED. R. CIV. P. 26(b)(4)(C)(i). Defendants are awarded $5,490 in witness fees.

### D. Copying Costs

Section 1920(3) allows costs for "fees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3). Plaintiff's sole objection to Defendants' request for $282.39 for exemplification and copies is that they did not need to obtain Paul Carlson's medical records from Hinsdale Hospital, at a cost of $142.64. Plaintiff acknowledges that Paul was a co-Plaintiff in the case, but notes that his only claim was against Wal-Mart. (Pl. Resp., at 4.) This is true, but as Defendants note, Plaintiff claimed throughout this case that she was extremely concerned about Paul's severe injury, and that this was why she did not want to leave the Wal-Mart store when Officer Bukovic asked, and then instructed her to depart. Officer Bukovic maintained that his conduct towards Plaintiff was directly influenced by her emotional state, which related back to Paul's injury and Wal-

Mart's handling of it. Indeed, at the trial, Paul offered extensive testimony regarding the nature and extent of his injury. Paul Carlson's medical records were both reasonable and necessary for the case and Plaintiff's objection is overruled.

### E. Videographer Costs

Plaintiff next objects that the $145 spent on a copy of Dr. Harvey's video deposition was unnecessary because the DVD "could have been obtained at no cost from Plaintiff's counsel." (Pl. Resp., at 4.) Not surprisingly, Plaintiff cites no authority for this argument. The Seventh Circuit recently held that Rule 30(b) "allow[s] the costs of both video-recording and stenographic transcription to be taxed to the losing party." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). To the extent the parties conceded that Dr. Harvey could not appear at a trial due to health concerns, the court agrees that both types of fees were reasonably necessary in this case. *See Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *11 (N.D. Ill. Apr. 8, 2008) (awarding fees for video recordings and stenographic transcripts in connection with the depositions of all non-parties because "there was a reasonable possibility that they would be unavailable for trial.") Defendants are awarded $145 for Dr. Harvey's video deposition.

### F. "Equitable Considerations"

Plaintiff finally seeks to avoid paying costs based on so-called "equitable considerations." First, Plaintiff suggests that the court should wait to award costs until the Seventh Circuit decides her pending appeal. "[I]t is recognized [however,] that 'a district court may award costs even while the substantive appeal is pending' and costs can later be appealed separately from the merits." *Smith v. Augustine*, No. 07 C 81, 2009 WL 1748235, at *1 (N.D. Ill. June 18, 2009) (quoting *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994)). Plaintiff has not presented any authority suggesting that a decision on costs should be stayed merely because she believes her appeal is "good and meritorious." (Pl. Resp., at 5.)

Plaintiff also invokes her advanced age and the supposed "gross disparity in financial resources of the parties" as further "equitable considerations." (Pl. Resp., at 5.) Plaintiff fails to explain why her age has any bearing on the issue of costs. Indeed, Plaintiff is the one who initiated this lawsuit and decided to pursue an appeal, notwithstanding her age. As for the alleged disparity in financial resources, Plaintiff tellingly has failed to claim, much less present any evidence that she is unable to pay. *See BASF AG v. Great American Assur. Co.*, 595 F. Supp. 2d 899, 901 (N.D. Ill. 2009) (quoting *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997)) ("In general, 'only . . . the losing party's inability to pay will suffice to justify denying costs.'") Plaintiff's equitable objections to the bill of costs are overruled.

## CONCLUSION

For the reasons stated above, Defendants' motion for costs [201] is granted. Defendants are awarded $12,908.39 in costs, representing the full amount requested less one-half the $470.45 cost of the May 18, 2009 transcript.

ENTER:

Dated: August 7, 2009

_____
NAN R. NOLAN
United States Magistrate Judge