## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JUNE O. CARLSON, | ) |
|         Plaintiff, | ) |
| v. | ) No. 07 C 06 |
| SCOTT BUKOVIC and the CITY OF DARIEN, an Illinois Municipal Corporation, | ) Judge Nan R. Nolan |
|         Defendants. | ) |

## MEMORANDUM OPINION AND ORDER[1]

On August 7, 2009, the court awarded Defendants Scott Bukovic and the City of Darien $12,908.39 in costs, finding them both to be prevailing parties following a June 9, 2008 grant of summary judgment in favor of the City, and a June 18, 2009 jury verdict in favor of Officer Bukovic. *Carlson v. Bukovic*, No. 07 C 06, 2008 WL 2397682 (N.D. Ill. June 9, 2008); (Minute Order of 6/18/09, Doc. 168; Judgment of 6/18/09, Doc. 169; Minute Order of 8/7/09, Doc. 214.) Plaintiff now moves to reconsider and alter the award. For the reasons set forth here, the motion is granted in part, denied in part and entered and continued in part.

## DISCUSSION

**A.  Necessity**

Plaintiff raises four challenges to the award of costs. First, she objects that Defendants failed to demonstrate the necessity of their costs, and that she was not given an opportunity to rebut allegations of necessity raised in the Defendants' reply memorandum. The court's August 7, 2009 opinion details its findings of necessity, and Plaintiff has not identified any additional objections she would have raised in response to Defendants' reply brief. Plaintiff's objections on necessity grounds are overruled.

---

[1]  The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**B.      Physician Depositions**

Plaintiff next argues that she never intended to call three of her treating physicians as witnesses at trial: Dr. Richard Bertenshaw, Dr. Brian Smith and Dr. Thomas Sullivan.  On September 15, 2008, however, Plaintiff expressly identified all three physicians as "witnesses who may be called upon at trial to present expert testimony" pursuant to Federal Rule of Civil Procedure 26(a)(2)(A). (Doc. 96.) Plaintiff has not provided any evidence that she affirmatively withdrew these witnesses from her list before Defendants took their depositions in January and February 2009. It is true that in the final pretrial order, submitted months later, Plaintiff did not identify the three doctors as witnesses; she did, however, seek to introduce records from Dr. Bertenshaw and Dr. Sullivan as trial exhibits.  Regardless, "[t]he law of this Circuit plainly holds that depositions need not be used in support of a dispositive motion or introduced at trial to be reasonably necessary." *Jackson v. United Parcel Serv., Inc.*, No. 07-cv-0450-MJR-CJP, 2008 WL 5244846, at *2 (S.D. Ill. Dec. 16, 2008).  The court remains satisfied that the depositions were reasonably necessary at the time they were taken, and Plaintiff's objection to paying these costs is overruled.  *See Kaplan v. City of Chicago*, No. 05 C 2001, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) (citing *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000)) (to be recoverable, a deposition transcript must be "reasonably necessary at the time the deposition was taken in light of the facts known at the time.")

**C.      Reasonable Fee**

Plaintiff's third objection relates to paying a reasonable fee to the physician witnesses she identified as experts under Rule 26(a)(2)(A).  Plaintiff claims that "the Seventh Circuit has held that such fees may not be taxed to the losing party as costs."  (Pl. Mot., at 2.)  She then directs the court to four cases cited in her objections to the Bill of Costs, none of which is from the Seventh Circuit or any other court in this jurisdiction.  *See, e.g., Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th

Cir. 1994) (holding, without explanation, that defendant could not recover more than $40 per day in fees for expert witnesses). Nonetheless, the argument is well-taken.

"Unless the expert is court appointed, . . . the only fees that are recoverable as witness fees under § 1920(3) are those allowed by statute for a witness' attendance at court or a deposition." *Portman v. Andrews*, 249 F.R.D. 279, 282 (N.D. Ill. 2007) (citing 28 U.S.C. § 1821). "This amounts to $40 per day, plus subsistence." *Id*. *See also O'Toole v. Kalmar*, No. 85 C 7380, 1990 WL 141431, at *5 (N.D. Ill. Sept. 21, 1990) ("[A]ny costs incurred by the prevailing party in deposing . . . an expert witness are recoverable but only to the same extent that a lay witness fee may be recovered.")

It does not appear that any of the expert witnesses appeared for more than one day of deposition testimony. In addition, Defendants have not identified or documented any charges paid for the witnesses' subsistence. Thus, Defendants' request for witness fees is amended as follows: (1) $40 for Dr. Bertenshaw; (2) $40 for Dr. Lisa Fortman; (3) $40 for Dr. Gene Harvey; (4) $40 for Dr. Kern; (5) $40 for Dr. Sullivan; (6) $40 for Dr. Robert J. Trefil; (7) $40 for Dr. Smith; and (8) $40 for Paul Carlson. The total award for witness fees is $320; the previous award of $5,490 is vacated.

**D.     Inability to Pay**

Plaintiff finally objects that she is entitled to an evidentiary hearing on her financial inability to pay the costs. Plaintiff notes that she provided tax returns to Defendants during discovery, and argues that the court should have "direct[ed] the manner in which [she] should provide . . . information" regarding her inability to pay. In Plaintiff's view, such confidential financial information should not be filed electronically with the court. (Pl. Mot., at 3.) These arguments are entirely specious.

The Seventh Circuit has made clear that the "[t]he burden is on the losing party to provide the district court with 'sufficient documentation to support . . . a finding'" of inability to pay. *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (quoting *Chapman v. AI Transp.*, 229 F.3d

1012, 1039 (11th Cir. 2000)). *See also Petersen v. Union Pacific R. Co.*, No. 06-3084, 2009 WL 2163470, at *1 (C.D. Ill. July 17, 2009) ("Plaintiffs have not met *their burden* of showing that they are unable to pay" costs under Rule 54(d)) (emphasis added). "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." This "will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances" and "will limit any incentive for litigants of modest means to portray themselves as indigent." *Id.*

Plaintiff has been represented by counsel throughout these proceedings, yet she provided none of this documentation to the court, nor did she ever claim to be indigent.[2] Moreover, Plaintiff never sought leave to file any of her purportedly sensitive documentation under seal, much less provided any supporting authority for such a request. Plaintiff's counsel's attempt to shift responsibility for these errors onto the court is transparent and unprofessional. Nevertheless, the court will give Plaintiff until September 18, 2009 to submit documentation establishing that she is "incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635. If Plaintiff attempts to file this documentation under seal, she must provide the court with cases from this jurisdiction establishing that parties seeking to avoid paying costs on indigence grounds need not make their financial proof public. The court also reminds Plaintiff that "indigence does not automatically excuse the losing party from paying the prevailing party's costs." *Id.* *See also Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 733-34 (7th Cir. 1999) ("We have held that an award of costs is proper even when the unsuccessful litigant has been allowed to proceed *in forma pauperis*.")

## **CONCLUSION**

---

[2] Plaintiff's claim of "disparity in financial resources of the parties" is not the same as a claim of inability to pay. (Pl. Mot., at 3.)

4

For the reasons stated above, Plaintiff's Motion to Reconsider [221] is granted in part, denied in part and entered and continued in part. Plaintiff has until September 18, 2009 to submit documentation establishing that she is incapable of paying the court-imposed costs, as amended ($7,738.39), at this time or in the future.

ENTER:

Dated: August 26, 2009

_____
NAN R. NOLAN
United States Magistrate Judge