IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUNE O. CARLSON, Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT BUKOVIC, and | ) | 07 C 0006 |
| CITY OF DARIEN, an Illinois Municipal Corporation | ) | |
| | ) | Magistrate Judge Nolan |
| | ) | |

## APPELLANT JUNE O. CARLSON'S OBJECTION TO DEFENDANT BUKOVIC'S PETITION FOR ADDITIONAL COSTS PURSUANT TO F.R.A.P.39(e)

Now comes June O. Carlson by her attorney Arthur G. Jaros, Jr. and, pursuant to Order entered November 5, 2010 (Document #260), files this objection to Defendant Bukovic's Petition for Additional Costs Pursuant to F.R.A.P. 39(e).

### SUGGESTION OF POSSIBLE UNTIMELINESS

F.R.A.P. 39(a)(2) provides that costs are taxed against the appellant when, as in the instant case, a judgement is affirmed. F.R.A.P. 39(d) and (e) identifies by which court–the Court of Appeals or the District Court–specific types of costs may be taxed.

Rule 39(d) provides that ***any type of appellate costs*** eligible for taxation under Rule 39(a) may be taxed by the Court of Appeals but only if a Bill of Costs is filed within 14 days of "entry of judgment." In this case, judgment of the U.S. Court of Appeals was entered on September 2, 2010 (Exhibit A). Bukovic filed no Bill of Costs with the Court of Appeals.

Rule 39(e) provides that certain types of appellate costs eligible for taxation under Rule 39(a) may also be taxed by the District Court but provides no deadline by which a Bill of Costs must be filed. Rule 39(e)(2) provides that the costs of "reporter's transcript(s), if needed to determine the appeal" may be taxed by the District Court. Rule 39(e)(2) is an analogue to 28

U.S.C. Section 1920(2) which provides that "A judge or clerk of any court of the United States may tax as costs the following: (2) Fees for printed ... transcripts necessarily obtained for use in the case."

Similar to the F.R.A.P. 39(d) time limit noted above for filing a Bill of Costs in the Court of Appeals, LR 45.1(a) prescribes a 30 day time limit measured from "the entry of judgment." Thirty days from the entry of judgment by the U.S. Court of Appeals on September 2 was October 2, 2010. Bukovic's instant Petition, however, was not filed until November 3, 2010 and L.R. 45.1(a) provides that such costs "shall be deemed waived." A contrary interpretation of L.R. 45.1(a) would suggest that Bukovic is taking the position that there is no time limit whatsoever on when he might return to the District Court in order to seek an award of appellate costs.

## INDEPENDENT OBJECTION ON THE MERITS

As already noted, F.R.A.P. 39(e)(2) allows the taxing of the costs of court reporter transcripts only "if needed to determine the appeal." Case law holds that the ordering of transcripts must be warranted by the issues presented *by the parties* involved in the appeal to the Court of Appeals. (*Lester v. Aetna Cas. & Sur. Co*, 240 F.2d 676 (5th Cir. 1957), cert den. 354 U.S. 923)). Thus Appellee Bukovic's ordering of transcripts of all trial testimony must be judged in light of whether the proofs at trial were placed in issue before the Court of Appeals by the parties to that appeal.

In the instant case, Plaintiff Carlson's appeal in no way raised the proofs at trial; her core appeal was from the denial of her summary judgment motion as to the liability of Defendant Bukvoic and of the granting of summary judgment in favor of the City of Darien; other pre-trial

rulings of the District Court not involving trial testimony were also presented on appeal. That the proofs at trial were not placed in issue on appeal by either Appellant Carlson or Appellees Bukovic and City of Darien is plainly confirmed by an examination of Plaintiff-Appellant's F.R.A.P. 10(b)(3)(A) Statement of Issues on Appeal (Exhibit B) and of Carlson Appellant's Brief and Reply Brief and, significantly, of Appellees' Brief. Bukovic's and City of Darien's joint Appellees' Brief makes appears to make absolutely no use, whatsoever, of the trial transcripts[1]. Even more importantly, Appellees' counsel should have known (as pointed out to her during oral argument before the panel of the U.S. Court of Appeals) that Carlson was not intending to appeal from the jury's weighing of trial testimony because Carlson never made either a F.R.Civ.P. 50(a) motion or 50(b) motion at trial and never made any post-judgment motion within 30 days after entry of judgment but instead virtually immediately filed her Notice of Appeal upon the completion of the jury trial. Filing of Rule 50 motions is a well known prerequisite to challenging the sufficiency of trial evidence on appeal (Baicker-McKee, Janssen, Corr, *Federal Civil Rules Handbook* (Thomson West 2009), p. 995). Footnote 13 of the Opinion of the Court of Appeals herein confirms that Carlson's decision not to make Rule 50 motions at trial "waived" her right to seek review of trial testimony. Defendants' counsel should

---

[1]After stating the facts admitted to by Bukovic's L.R. 56.1(b)(3) summary judgment response (document #68) and Carlson's L.R. 56.1(b)(3) disputation of Darien's summary judgment facts, Carlson's Appellant's Brief at p.15 stated as to testimony at trial: "Because this appeal is not taken from the jury's weighing of ... conflicting evidence as to the degree of force utilized by Defendant Bukovic, the details of testimony from Plaintiff and her witnesses is not relevant and such detail is omitted here." Neither did Bukovic or the City of Darien find trial testimony to be in issue on appeal because their Appellees' Brief does not cite to it and no reference to such testimony was presented during oral argument before the Court of Appeals. (The audio tape of such oral argument is, of course, available to this Court at the Court of Appeals' own website).

have known this and admitted during oral argument before the three-judge panel that she had failed to consider this facet of the case. Defendants' counsel's ordering of all trial transcripts was therefore plainly overkill and unnecessary to the presentation of Appellees' case on appeal. Consequently, Bukovic's Petition's statement at p.2: "The transcript was crucial in determining the outcome of the appeal, *as evidenced by the <u>in-depth arguments presented to the Seventh Circuit</u>* ..." is entirely FALSE. <u>No **argument** whatsoever, **in depth** or otherwise, was presented to the Seventh Circuit by any of the parties *based on testimony at trial*, as an examination of the parties' briefs and of the audio recording of oral argument will confirm.</u> Tellingly, Bukovic's Petition cites to no such argument.

But, the Petition asserts that portions of the trial transcript were, in fact, referenced by the Opinion of the Court of Appeals. This is correct, but such utilization by the three-judge panel was entirely *sua sponte* and fortuitous because the panel's Opinion falsely states at *3 that: "Mrs. Carlson's version of the facts, described *in her motion*, was very different from the version described by the defendants." This was a patently and grotesquely false statement for the Court of Appeals to make (see Exhibit C hereto for the massive number of admissions made by the Defendants in response to Carlson's summary judgment motion and almost complete absence of any denials). Only on this untrue basis–and so known to be untrue to Petitioner Bukovic's counsel–could the Court of Appeals refuse to reach the pure issues of law (i.e., commission of seizure, commission of unreasonable *per se* seizure, and absence of qualified immunity) presented by Carlson's appeal from the denial of that summary judgment motion of hers and instead erroneously divert attention away from Bukvoic's summary judgment admissions and onto trial testimony which testimony was entirely irrelevant to the issues presented by Carlson's

appeal. (As such, June O. Carlson feels that she has been denied justice under the law as a citizen of these United States of America and will be filing a Petition for Certiorari with the United States Supreme Court in timely manner.)

More importantly, because Carlson had deliberately waived her right to review of the evidence presented at trial (as footnote 13 of the Opinion correctly noted), it was entirely superfluous and unnecessary for the Opinion of the panel to have reviewed the proofs at trial. Having wrongly and grotesquely falsely found there to be "very different" "versions of the facts" in connection with Carlson's summary judgment motion, Carlson's right of review of any of the facts was lost by such false finding, applying the F.R.Civ.P. 56 summary judgment ruling standard.

Consequently, Bukovic has not demonstrated that the trial transcripts were, in fact, necessary (as to the Petition claims in almost entirely conclusory fashion) either to the presentation of his appellee's case on appeal or to the outcome on appeal. On the undisputed record of this case both in this Court and in the U.S. Court of Appeals, it would be inequitable to now tax June Carlson with thousands of additional dollars of trial transcript costs merely because the trial transcripts were unexpectedly utilized by a panel of the Court of Appeals in wholly *sua sponte* fashion for the purpose of providing mere dicta[2] which was entirely unnecessary to the

---

[2]The Opinion of the Court of Appeals alleges at *1 that: "Because the action was tried to a jury, however, we must take the facts in the light most favorable to the party who prevailed at trial, Officer Bukovic, and draw all inferences in his favor." But, of course, that standard only applies if appeal is preserved and taken from the sufficiency of the evidence. As later correctly noted by footnote 13, Carlson waived her right to appellate review of the trial testimony by deciding not to make the required Rule 50 motions (because her appellate intention was always to challenge the summary judgment and other purely legal rulings of the District Court and was never to challenge the sufficiency of conflicting evidence at trial over the degree of force utilized against her). Therefore, the just quoted statement from the Opinion was entirely unnecessary to

outcome reached by that Court–namely affirming the denial of Carlson's summary judgment motion due to the presence of alleged (but, in truth, non-existent) issues of fact and necessarily affirming the judgment entered upon the jury verdict[3] where Carlson had no right of review of the sufficiency of the evidence on which the verdict was based, she having knowingly waived her right to appellate review of the sufficiency of the testimony at trial.

WHEREFORE, Respondent Carlson prays that Bukovic's Petition, representing his latest attempt to oppress her, be denied.

Respectfully submitted,

   /s/ Arthur G. Jaros, Jr.

Arthur G. Jaros, Jr.
1200 Harger Road
Suite 830
Oak Brook, IL 60523
630-574-0525

<u>Certificate of Service</u>

The undersigned counsel certifies that the foregoing Memorandum was served upon all counsel of record by the Court's ECF system on this 19th day of November, 2010, except for Scott Bryan Dolezal whom the undesigned was served by U.S. mail from Oak Brook, Illinois at 33 N. Dearborn, #300, Chicago, IL 60602 on this same 19th day of November, 2010.

   /s/ Arthur G. Jaros, Jr.

---

the decision of the panel and nothing more than wholly unnecessary dicta.

[3]but not as to affirming other purely legal rulings of the Court as presented in Appellant Carlson's appellate briefs.