IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUNE O. CARLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 07 C 0006 |
| v. | ) |
| | ) Magistrate Judge Nan R. Nolan |
| SCOTT BUKOVIC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In an opinion issued on September 2, 2010, the Seventh Circuit affirmed the judgment of this Court in favor of Defendants. Before the Court is Defendant Scott Bukovic's Petition for Additional Costs Pursuant to Fed. R. App. P. 39(e) ("Petition"), filed subsequent to the Seventh Circuit's opinion, which seeks taxable costs in the amount of $2261.25. For the reasons set forth below, Defendant's bill of costs is granted.

### I. BACKGROUND[1]

Plaintiff June O. Carlson filed suit against Officer Scott Bukovic and the City of Darien, Illinois, alleging a Fourth Amendment excessive force claim against Bukovic and a *Monell* claim[2] against the City for failure to train the officer, all in violation of 42 U.S.C. § 1983. Plaintiff and her son, Paul Carlson, also filed suit

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 701 (1978).

against Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Realty Company, but the Court dismissed all of those claims on June 19 and October 1, 2007.

On June 9, 2008, the Court granted summary judgment in favor of the City on the *Monell* claim, but denied cross-motions for summary judgment on the excessive force claim. *Carlson v. Bukovic*, 2008 WL 2397682 (N.D. Ill. June 9, 2008). The excessive force claim proceeded to trial, and on June 18, 2009, a jury returned a verdict in favor of Bukovic.

Plaintiff appealed the Court's final determination of both the excessive force and the *Monell* claims. On September 2, 2010, the Seventh Circuit affirmed the judgment. *Carlson v. Bukovic*, 621 F.3d 610 (7th Cir. 2010), *cert. denied*, 2011 WL 30461 (U.S. March 7, 2011). In its final judgment, issued the same date, the Seventh Circuit stated that the case was affirmed "with costs, in accordance with the decision of this court entered on this date." (Pet. Ex. 1.) The Seventh Circuit issued its mandate on October 20, 2010, affirming the Court's judgment. (Doc. 250). On November 3, 2010, Defendant filed his Petition, seeking taxable costs in the amount of $2261.25.

## II. APPLICABLE LAW

Federal Rule of Appellate Procedure 39 provides for the taxation of appellate costs in both the appellate and the district courts. Subpart (d) provides for taxation in the appellate court, but only if filed within 14 days of the entry of judgment. Fed. R. App. P. 39(d). Subpart (e), which provides for taxation in the district court, states:

> The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
> (1) the preparation and transmission of the record;
>
> (2) the reporter's transcript, if needed to determine the appeal;
>
> (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
>
> (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e). Rule 39 does not set a time limit for filing a subpart (e) cost bill in the district court.

### III. DISCUSSION

In his Petition, Defendant requests costs in the amount of $2261.25, which were incurred in ordering a transcript of the jury trial. (Pet. ¶ 6.) Defendant contends that "the transcript was crucial in determining the outcome of the appeal, as evidenced by the in-depth arguments presented to the Seventh Circuit and as reflected in the detailed analysis of the appellate court." (*Id.*) Plaintiff objects, arguing that the Petition is not timely and that the transcripts were unnecessary to the presentation of Defendant's case on appeal or to the outcome reached by the Seventh Circuit. (Resp. 1–2, 5–6.)

**A. Timeliness**

Plaintiff contends that despite the fact that Rule 39 contains no time limit on when an appellate cost bill may be filed in the district court, there still is one. (Resp. 1–2.) Specifically, Plaintiff asserts that Rule 39(d)'s 14-day limit for filing costs in the appellate court applies in the district court as well. (*Id.* 1.) Alternatively, Plaintiff argues that Local Rule 54.1's 30-day limit on filing for costs after the district

court enters judgment applies to Rule 39(e).[3] (*Id.* 2.) Because Defendant filed his Petition more than 30 days after the Seventh Circuit issued its final judgment, Plaintiff contends that the Petition is untimely and Defendant's costs are deemed waived. (*Id.*) The Court is not persuaded.

First, there is no authority for applying Rule 39(d)'s 14-day limit to Rule 39(e) requests. Indeed, courts have found to the contrary. *See, e.g.*, *McDonald v. McCarthy*, 966 F.2d 112, 115 (3d Cir. 1992) ("There is no indication in [Rule 39(e)] that these costs are subject to Rule 39(d)'s fourteen-day time limit and we decline to read such a time limit into the rule."); *Choice Hotels Int'l, Inc. v. Kaushik*, 203 F. Supp. 2d 1281, 1285 (M.D. Ala. 2002) ("If the drafters of the Federal Rules of Appellate Procedure had wanted to set a time limit on Rule 39(e) taxation of appellate costs they would have done so as they did in Rule 39(d)."); *Sodouest Import Sales Corp. v. Union Carbide Corp.*, 102 F.R.D. 264, 264–65 (D.P.R. 1984) (finding that Rule 39(d)'s 14-day limit does not apply to Rule 39(e); *Paul v. Farmland Ind., Inc.*, 1998 WL 163690, at *2 (8th Cir. Apr. 9, 1998) (unpublished opinion) (ruling that "the fourteen-day time limit of [Rule 39](d) does not apply to costs taxed in the district court under subdivision (e)"); *see also In re Sioux Ltd. Sec. Litig*, 1991 WL 182578, at *1 (5th Cir. March 4, 1991) ("Absent some limiting provision in the mandate from the court of appeals, the party entitled to costs in the court of appeals is

---

[3] The parties mistakenly refer to this rule as "45.1." Local Rule 54.1(a) provides:

> Within 30 days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party. If the bill of costs is not filed within 30 days, costs other than those of the clerk, taxable pursuant to 28 U.S.C. § 1920, shall be deemed waived.

entitled to costs in the district court under Rule 39(e). The district court has no discretion regarding whether, when, to what extent, or to which party to award costs of the appeal. In taxing the costs on appeal, its sole responsibility is to ensure that only proper costs are awarded.").

Second, there is no authority for applying Local Rule 54.1's 30-day time limit to Rule 39(e) petitions. Some district court have explicitly set time limits for requesting costs incurred in the court of appeals. *See, e.g.*, *Vale v. Avila*, 2008 WL 5273677, at *1 (C.D. Ill. Dec. 17, 2008) (observing that Central District of Illinois's Local Rule 54.1(a), since revised, required that "requests for attorney fees and bills of costs shall be filed within thirty days of entry of final judgment o*r receipt of the mandate from a Court of Appeals*"); *Volm v. Legacy Health Sys., Inc.*, 2004 WL 1418777, at *1 (D. Or. June 21, 2004) ("Because [Rule 39(e)] does not state a filing date at the district court, I must rely on this court's local rule which states that a bill of costs must be filed no later than fourteen days after "entry of judgment, or receipt and docketing of the appellate court's mandate."); S.D.N.Y. R. 54.1(a) ("Within thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal, . . . , any party seeking to recover costs shall file with the clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation."); D. Del. R. 54.1(a) ("The party shall, within 14 days after the time for appeal has expired or within 14 days after the issuance of the mandate of the appellate court, file a bill of costs."). Accordingly, the

Court concludes that if Local Rule 54.1 sought to set a time limit for Rule 39(e) petitions, it would have explicitly stated as much.

Finally, even assuming that either of these time limits applies to a request for costs pursuant to Rule 39(e), Defendant's Petition is timely. Plaintiff misapprehends when the time period begins for filing a Rule 39(e) request. It is the issuance of the court of appeal's mandate that is critical to starting the clock running, not the final judgment. *See* 16AA Charles Alan Wright, et al., *Federal Practice and Procedure* § 3985.1, at 590 (4th ed. 2008) ("To recoup these costs under Rule 39(e), the prevailing party should make a separate application to the district court after the mandate has been received from the court of appeals."). Until the mandate is issued, the court of appeal can reconsider its decision, either on the merits or in awarding costs. *See Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (observing that the "delay in issuance of mandate is designed to permit the court of appeals to reconsider its decision"). Thus, until the Seventh Circuit issued its mandate on October 20, 2010, the Court had no jurisdiction to entertain a request to tax appellate costs. *Cf. Guse v. J.C. Penney Co.*, 570 F.2d 679, 681–82 (7th Cir. 1978) (noting that after the mandate is issued to the district court, the district court has the discretion pursuant to Rule 39 to allow or disallow costs incurred in the district court); *Murphy v. L & J Press Corp.*, 577 F.2d 27, 29 (8th Cir. 1978) ("By its terms, the [District Court's Local] Rule requires the filing of a bill of costs within ten days 'after entry of a final judgment or decree.' Read literally, this language could not be applicable to the taxation of appellate costs in the district court since district court

proceedings after an appellate judgment must await issuance of the mandate . . . ."). Here, Defendant filed his Petition on November 3, 2010, 14 days after the Seventh Circuit issued its mandate. Accordingly, even if Rule 39(d)'s 14-day limit or Local Rule 54.1's 30-day limit applies to Rule 39(e) requests, Defendant's Petition is timely.

**B. Merits**

Rule 39(e)(2) allows the taxing of costs of court reporter transcripts only "if needed to determine the appeal." Plaintiff argues that the transcripts were not needed in this appeal. (Resp. 2–6.) She contends that her appeal did not raise any trial issues. (*Id.* 2–3) ("In the instant case, Plaintiff Carlson's appeal in no way raised the proofs at trial; her core appeal was from the denial of her summary judgment motion as to the liability of Defendant Bukovic and of the granting of summary judgment in favor of the City of Darien; other pre-trial rulings of the District Court not involving trial testimony were also presented on appeal."). The Court disagrees.

First, in Plaintiff's Amended Notice of Appeal, she explicitly appealed the entry of judgment in favor of Defendant Bukovic after the jury reached its verdict. (*See* Docs. 169 (judgment), 179 (notice of appeal); *see also* Doc. 175 (ordering transcript of Defendant Bukovic's trial testimony for use on appeal).) On this basis alone, the Court of Appeals would need to review the entire record, including the trial transcript, to understand the basis of Plaintiff's appeal. Plaintiff also appealed other trial-related issues—(1) granting Defendant's motion *in limine*; (2) refusing Plain-

tiff's proposed jury instructions; and (3) refusing Plaintiff's proposed verdict forms (Doc. 179 ¶¶ 5, 8)—which were inextricably linked with the trial and which would necessitate reviewing the trial transcript. Similarly, in her Statement of Issues filed pursuant to Fed. R. App. P. 10(b)(3)A), Plaintiff identified several trial and trial-related issues: (1) "Did the Court err in granting Defendant Bukovic's Motion in Limine as to the 'Lawfulness of Plaintiff's Presence on Wal-Mart Premises?'"; (2) Did the Court err in overruling Plaintiff's Objection to the Court's own jury instruction #7.09?"; (3) "Did the Court err in refusing to give Plaintiff's proposed [jury] instructions?"; (4) "Did the Court err in refusing to use Plaintiff's Special Verdict Form as to liability?"; and (5) "Did the Court display bias including sympathy in favor of Defendant Bukovic thereby calling into question whether Plaintiff could receive a fair trial and/or had received objective rulings of law free from prejudice?" (Doc. 177 ¶¶ 9–12, 14; *see also* Reply Ex. 1 (Plaintiff's appellate brief) at 3–4, 14–15, 29, 45–47.)

Second, the trial transcript was necessary to the Court of Appeals' ruling. Plaintiff argues that the trial transcript was unnecessary to determine whether the Court erred, on summary judgment, in ruling that a genuine issue of material fact existed as to whether Bukovic had seized Plaintiff. *See Carlson*, 621 F.3d at 615. Plaintiff contends that Bukovic seized Plaintiff "as a matter of law" and that the seizure was "per se" unreasonable. *Id.* at 617–18; (*see* Resp. 2–3, 4.) However, as the Seventh Circuit made clear before citing extensively to the trial record, it could not review the judgment in favor of Defendant Bukovic without taking the trial facts in

the light most favorable to him. *Carlson*, 621 F.3d at 613 ("The facts surrounding Ms. Carlson's excessive force claim were contested initially. Because the action was tried to a jury, however, we must take the facts in the light most favorable to the party who prevailed at trial, Officer Bukovic, and draw all inferences in his favor."); *see also id.* at 613–15, 621. After reviewing the trial evidence, the Court of Appeals concluded that whether Bukovic's touching of Plaintiff was a seizure or merely an exhortatory gesture "was a question for the jury after it had heard all the evidence." *Id.* at 621 ("There certainly was evidence of record that would have permitted the jury to determine that a seizure in fact did take place. On the other hand, the jury also was entitled to reach the opposite conclusion: Officer Bukovic's contact with Ms. Carlson's arm may have been so light and so momentary that it did not convey, to the objective observer, a demonstration of anything more than an encouragement that she leave the area. . . . When considered in context, such actions may be more exhortatory than commanding in nature. . . . The appropriate characterization of this situation was a question for the jury after it had heard all the evidence."). Further, the Court of Appeals could not review Plaintiff's bias, jury instructions and verdict form arguments without taking the trial evidence into consideration. *See id.* at 621–23. In sum, the Court finds that the trial transcript was "needed to determine the appeal."

## IV. CONCLUSION

For the reasons stated above, Defendant Scott Bukovic's Petition for Additional Costs Pursuant to Fed. R. App. P. 39(e) [Doc. 258] is **granted**. Defendants are awarded **$2261.25** in costs.

E N T E R:

Dated: March 18, 2011

NAN R. NOLAN
United States Magistrate Judge